### UNITED STATES v. BRAMBLETT.
### Cr. 971–53.

United States District Court,
District of Columbia.
April 14, 1954.

Edward Bennett Williams, Washington, D. C., for plaintiff.

William Hitz, Asst. U. S. Atty., Washington, D. C., for the United States.

BASTIAN, District Judge.

This case is before the Court on defendant's motion in arrest of judgment, Rule 34, Federal Rules of Criminal Procedure, 18 U.S.C., or, in the alternative for a judgment of acquittal, Rule 29, Fed.Rules Crim.Proc., or, in the alternative, for a new trial, Rule 33, Fed.Rules Crim.Proc.

The defendant in this case was charged in an eighteen-count indictment with violations of Title 18, § 1001, United States Code, and was convicted by a jury on Counts One through Seven. On oral motion of the defendant during the course of the trial, the Court ordered that a judgment of acquittal be entered on Counts Eight through Eighteen, inclusive. Title 18, § 1001, U.S.C., reads as follows:

"Whoever, *in any matter within the jurisdiction of any department or agency of the United States* knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 749." (Emphasis supplied.)

The indictment charges in Counts One through Seven that the defendant did, on or about August 27, 1949, present to the Disbursing Office of the House of Representatives, in Washington, D. C., a Clerk-Hire Allowance form dated August 27, 1949, and did thereby knowingly and willfully falsify, by a scheme, a material fact; that the material fact allegedly falsified by the scheme was the representation by that designation that Margaret M. Swanson was a clerk (and entitled to receive compensation) to the defendant in the discharge of his official and representative duties as a member of Congress from the 11th District, State of California, the true fact being that the said Margaret M. Swanson was not such a clerk, as the defendant well knew. The first seven counts allege that the defendant did, beginning on June 30, 1950, and for each succeeding month thereafter through December 20, 1950, within the District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, knowingly and willfully falsify by a scheme a material fact, by knowingly and willfully continuing in full force and effect the designation contained in the said Clerk-Hire Allowance form as aforementioned.

The defendant's motions for acquittal or, in the alternative, for a new trial, are denied.

The defendant's principal contention in connection with his motion in arrest of judgment, and the only one in which the Court finds any merit, is that the indictment fails to state an offense against the United States, in that the indictment fails to charge the defendant with falsifying any fact "within the jurisdiction of a department or agency of the United States". The defendant contends that the Disbursing Office of the House of Representatives, to which the false statement was allegedly made, being an office of the legislative branch of the Government, does not fall within the definition of "any department or agency of the United States". His contention is that it was the intent of Congress to limit the words "department or agency", when used in a section within Title 18, to include only the executive branch of the Government unless the context of the statute specifically included within its scope the legislative or judicial branches of the Government.

The defendant in support of his contention urges that, when there is doubt and uncertainty concerning the scope or construction of a criminal statute, that doubt must be resolved in favor of the defendant. In other words, the defendant contends that criminal statutes should be strictly construed. The Government takes the position that, in those cases wherein that principle is expounded, the language of the statute under inquiry is ambiguous and that the rule as to strict construction does not require that the statute be given the narrowest possible meaning nor that the congressional intent be disregarded.

The Government urges that Title 18, § 1001, supra, is not ambiguous, and that the legislative history of the Act justifies the conclusion that Congress did not intend the statute to be limited to

the executive branches of the Government only.

Title 18, United States Code, § 1001, supra, originated as the Act of March 2, 1863, 12 Stat. 696, and later became Section 5438 of the Revised Statutes [1] under the codification of December 1, 1873, approved June 22, 1874. An amendment of May 30, 1908, 35 Stat. 555, changed the penalties for the offenses. The Act of March 4, 1909, 35 Stat. 1088, 1095, was "An Act to codify, revise, and amend the penal laws of the United States." Former Section 5438 of the Revised Statutes received the section number 35, "Presenting false claims." Section 35 read in part as follows:

"Whoever shall make or cause to be made, or present or cause to be presented, for payment or approval, *to or by any person or officer in the civil, military, or naval service of the United States, any claim upon or against the Government of the United States, or any department or officer thereof,* knowing such claim to be false, fictitious, or fraudulent; or whoever, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, shall make or use, or cause to be made or used, any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry * * * shall be fined not more than five thousand dollars, or imprisoned not more than five years, or both. * * * " (Emphasis supplied.)

Congress then passed the amendment of October 23, 1918, 40 Stat. 1015, since unsuccessful attempts had been made under Section 35 to punish persons committing frauds against some of the corporations created by Congress during World War I in which the Government owned all or part of the stock. The amended section added, among other things, the words "any corporation in which the United States of America is a stockholder". The pertinent part of Section 35 then read as follows:

"Whoever shall make or cause to be made or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder, any claim upon or against the Government of the United States, or any department or officer thereof, or any corporation in which the United States of America is a stockholder, knowing such claim to be false, fictitious, or fraudulent; or whoever, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, or for the purpose and with the *intent of cheating and swindling or defrauding the Government of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder,* shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations, or make or use or cause to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both. * * * " (Emphasis supplied.)

Up to this point, it will be noted that Section 35 provided that whoever "shall make or cause to be made or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, or any department thereof, or any corporation in which the

---

1. R.S., p. 1054, 1873–1874, 2nd Ed. 1878.

United States of America is a stockholder, any claim upon or against the Government of the United States, or any department or officer thereof, or any corporation in which the United States of America is a stockholder" should be punished as provided, and also provided punishment for false statements or representations made "for the purpose and with the intent of cheating and swindling or defrauding the Government of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder".

As the later amendments are referred to, it will be noted that the broad language just mentioned as to false statements has been seriously limited, and the language in Title 18, United States Code Section 1001, is now: "in any matter within the jurisdiction of any department or agency of the United States", language substantially different from: "Government of the United States, or any department or officer thereof".

On June 18, 1934, Title 18, Section 35, was amended, 48 Stat. 996, so as to read:

"Whoever shall make or cause to be made or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder, any claim upon or against the Government of the United States, or any department or officer thereof, or any corporation in which the United States of America is a stockholder, knowing such claim to be false, fictitious, or fraudulent; or whoever shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations, or make or use or cause to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious

statement or entry, *in any matter within the jurisdiction of any department or agency of the United States* or of any corporation in which the United States of America is a stockholder * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both. * * *" (Emphasis supplied.)

This amendment eliminated the words "cheating and swindling or defrauding" and embraced false and fraudulent statements or representations where these were knowingly and willfully used in documents or affidavits "in any matter within the jurisdiction of any department or agency of the United States or of any corporation in which the United States of America is a stockholder", there being no restriction to cases involving pecuniary or property loss to the Government. See United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598. In that case, the Court was concerned with the effect of the 1934 amendment to Section 35, but did not decide the scope of the words "department or agency" since the false and fraudulent statements charged there related " 'to a matter within the jurisdiction of the Department of the Interior, the Secretary of the Interior, and the Federal Tender Board No. 1, Kilgore, Texas' ". 312 U.S. at page 90, 61 S.Ct. at page 521.

Prior to the 1934 amendment, the Secretary of the Interior sought legislation *to aid the enforcement of laws relating to the functions of the Department of the Interior* and, in particular, to the enforcement of regulations under Section 9c of the National Industrial Recovery Act of 1933 with respect to the transportation of "hot oil." The Secretary's effort was due, as he stated, to the lack of a law under which prosecution might be had "for the presentation of false statements."

The bill which was passed by Congress, however, was amended in its final stages so as to require "intent to defraud the United States." This bill was returned

by the President without his approval, for the reason that the offense as defined was covered by existing law, which provided for more severe punishment than that proposed by the bill.

Another measure was then proposed by the Secretary of the Interior which would obviate these objections and accomplish the purpose of including the presentation of false statements in relation to "hot oil." The bill was then passed and approved and included, with other amendments of Section 35, the 1934 amendment above referred to, omitting and eliminating words which had been deemed to make the former provision applicable only to cases where pecuniary or property loss to the Government had been caused. See United States v. Cohn, 270 U.S. 339, 346, 46 S.Ct. 251, 70 L.Ed. 616.

Section 35 was again amended April 4, 1938, 52 Stat. 197, but that amendment merely divided Section 35 into Subsections (A), (B) and (C), and separated them into paragraphs. 18 U.S.C.A. § 80 et seq.

The Act of June 25, 1948, 62 Stat. 683, revising the Criminal Code, divided Section 80, 18 U.S.C.A. into two sections. The provisions against making false claims were set out in Title 18 U.S.C. § 287; and the provisions against making false statements, with which we are here concerned, were set out in Section 1001 of that Title, supra.

The Government argues that it was the intent and purpose of Congress, throughout the legislative history, to include all branches of the Government and that the language of Section 1001 is plain and completely comprehensive, and that this apparent intention should not be frustrated by construction.

The Government cites Spivey v. United States, 5 Cir., 1940, 109 F.2d 181, 310 U.S. 631, 60 S.Ct. 1079, 84 L.Ed. 1401, certiorari denied, wherein Section 80, formerly Section 35 (the forerunner sections of Section 1001) was under consideration. The Court there said:

"The force and effect of statutes of this kind, designed to prevent frauds upon the Government may not be frittered away by a mere literal construction." 109 F.2d at page 184.

That Court went on to say:

"While Criminal Statutes, may not by process of construction, be extended beyond their reasonable and natural meaning, neither may they be, by the same process, deprived of their natural meaning." 109 F.2d at page 185.

The Court there, however, was not concerned with the scope of the words "department or agency" since that case involved the making of false and fictitious statements to the Commodity Credit Corporation, a corporation in which "the United States has a proprietary interest."

It seems significant to the Court that Title 18, § 287 (formerly the first part of old Section 35) provides penalties against any one who "makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim * * * knowing such claim to be false". This language is all-inclusive and has remained substantially the same. See 1934 Act, supra, and Section 287.

Section 1001 provides penalties for making false statements "in any matter within the jurisdiction of any department or agency of the United States". This language is not all-inclusive and has not remained the same. The change in the language to that of Section 1001 by the 1934 Act, together with the definition in Section 6 of Title 18, infra, seems to the Court most illuminating and, when taken into consideration in connection with the reviser's notes hereinafter referred to, conclusive.

Both the Government and the defendant agree that this is a case of first impression with regard to the scope of the words "department or agency" as found in Section 1001. No case, either *nisi prius* or appellate, in which an attempt has been made to apply Section 1001 to

either the legislative or judicial branches of the Government, has been called to the attention of the Court.

When Congress, in 1948, passed the Act to revise, codify, and enact into positive law Title 18 of the United States Code, entitled "Crimes and Criminal Procedure", it set out words in Title 18, § 6, which define "department" and "agency" as follows:

"The term 'department' means one of the executive departments enumerated in section 1 of Title 5, *unless the context shows that such term was intended to describe the executive, legislative, or judicial branches of the government.*

"The term 'agency' includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, *unless the context shows that such term was intended to be used in a more limited sense.*" (Emphasis supplied.)

Going to Section 1 of Title 5 (referred to in the first paragraph of Section 6, Title 18), we find that the departments enumerated in said Section 1 are as follows:

 The Department of State
 The Department of Defense
 The Department of the Treasury
 The Department of Justice
 The Post Office Department
 The Department of the Interior
 The Department of Agriculture
 The Department of Commerce
 The Department of Labor

To these has been added, by amendment, The Department of Health, Education and Welfare. 1953 Reorganization Plan No. 1, 18 F.R. 2053, 67 Stat. 631.

It seems apparent to the Court, from a reading of these definitive sections, Section 6 of Title 18 and Section 1 of Title 5, that Congress intended to limit the words "department or agency" to the executive branches of the Government unless the context shows that such term was intended to include the legislative or judicial branches of the Government.

Significant also are the reviser's notes to Section 6, Title 18, reading as follows:

"This section defines the terms 'department' and 'agency' of the United States. The word 'department' appears 57 times in Title 18, U.S.C., 1940 ed., and the word 'agency' 14 times. It was considered necessary to define clearly these words in order to avoid possible litigation as to the scope or coverage of a given section containing such words. (See United States v. Germaine, 1878, 99 U.S. 508, 25 L.Ed. 482, for definition of words 'department' or 'head of department.')

"The phrase 'corporation in which the United States has a proprietary interest' is intended to include those governmental corporations in which stock is not actually issued, as well as those in which stock is owned by the United States. It excludes those corporations in which the interest of the Government is custodial or incidental. 80th Congress House Report No. 304."

In many instances wherein the words "department or agency" appear within a section of Title 18, the reviser makes reference to the definitive Section 6 of said Title.

Among sections in Title 18, where the context shows that the term "department or agency" was intended to describe branches of the Government other than the executive, are the following:

Section 201:

"Whoever promises, offers, or gives any money or thing of value * * * for the payment of money or for the delivery or conveyance of anything of value, to any officer or employee or person *acting for or on behalf of the United States, or any department or agency thereof,* in any official function, *under or by authority of any such department or agency or to any officer or person*

*acting for or on behalf of either House of Congress, or of any committee of either House, or both Houses thereof * * *."* (Emphasis supplied.)

Section 283:

"Whoever, *being an officer or employee of the United States or any department or agency thereof, or of the Senate or House of Representatives,* acts as an agent or attorney for prosecuting any claim against the United States * * *." (Emphasis supplied.)

Section 602:

"Whoever, *being a Senator or Representative* in, or Delegate *or Resident Commissioner to, or a candidate for Congress, or individual elected as, Senator, Representative, Delegate, or Resident Commissioner, or an officer or employee of the United States or any department or agency thereof,* or a person receiving any salary or compensation for services from money derived from the Treasury of the United States * * *." (Emphasis supplied.)

Section 1505:

"Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness in any proceeding pending before *any department or agency of the United States,* or in connection with any inquiry or investigation being had by *either House, or any committee of either House, or any joint committee of the Congress * * *."* (Emphasis supplied.)

The Government has cited to the Court Title 18 U.S.C. § 1017, wherein the words "department or agency" appear, but there is no specific reference to the other coordinate branches of the Government. Section 1017 reads as follows:

"Whoever fraudulently or wrongfully affixes or impresses the seal of any department or agency of the United States, to or upon any certificate, instrument, commission, document, or paper or with knowl-

edge of its fraudulent character, with wrongful or fraudulent intent, uses, buys, procures, sells, or transfers to another any such certificate, instrument, commission, document, or paper, to which or upon which said seal has been so fraudulently affixed or impressed * * *."

The Government argues that the words "department or agency", as used in Section 1017, should not be limited to the executive branches of the Government because, if this were the case, it would be a crime to fraudulently or wrongfully impress or affix the seal of the executive branches of the Government while, at the same time, the seals of the legislative and judicial branches of the Government could be used with impunity. In the reviser's notes to Section 1017, the following appears:

"To clarify scope of section and in view of definition of department or agency in section 6 of this title, words 'department or agency' were substituted for 'executive department, or of any bureau, commission, or office'."

It would thus appear that this Section 1017 has reference to the executive departments or agencies as those words are defined by Section 6.

As a matter of fact, the Government's argument regarding crimes involving seals may be transformed into an argument for the defendant. It will be noted that Section 505, Title 18, which relates to seals of courts and reads as follows:

"Whoever forges the signature of any judge, register, or other officer of any court of the United States, or of any Territory thereof, or forges or counterfeits the seal of any such court, or knowingly concurs in using any such forged or counterfeit signature or seal, for the purpose of authenticating any proceeding or document, or tenders in evidence any such proceeding or document with a false or counterfeit signature of any such judge, register, or other officer, or a false or counterfeit seal of the court, subscribed or attached thereto, knowing such signature or

seal to be false or counterfeit, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

is similar to Section 506, Title 18, which has to do with the forging or counterfeiting of seals of "departments or agencies" of the United States and reads as follows:

"Whoever falsely makes, forges, counterfeits, mutilates, or alters the seal of any department or agency of the United States; or

"Whoever knowingly uses, affixes, or impresses any such fraudulently made, forged, counterfeited, mutilated, or altered seal to or upon any certificate, instrument, commission, document, or paper, of any description; or

"Whoever, with fraudulent intent, possesses any such seal, knowing the same to have been so falsely made, forged, counterfeited, mutilated, or altered—

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

If the Congress had intended the phrase "department or agency", in Section 506, to have been all-inclusive because of the use of these words, there would have been no necessity for the enactment of Section 505, where the penalties are precisely the same. See also reviser's notes to Section 506, where it is stated:

"Provision for 10 years' imprisonment was reduced to 5 years to conform to punishment provision in section 505 of this title, covering an offense of like gravity."

The Government similarly argues that if Section 1001 were intended to include the executive branches only, then false statements could be made to the legislative and judicial branches of the Government with impunity. This is not the case, since the perjury statutes of the United States Code make it a crime to make false statements to the legislative and judicial branches of the Government.

The United States Attorney has presented to the Court a number of instances where Courts have applied the word "department" to the legislative and judicial branches of the Government and, in so doing, have referred not only to the legislative branch as a "department" but have also referred to the executive and judicial branches as "departments." For instance, as far back as Foster v. Neilson, 1829, 2 Pet. 253, at page 314, 7 L.Ed. 415, Chief Justice Marshall uses the language: " * * * the treaty addresses itself to the political, not the judicial department; * * *." See also State of Mississippi v. Johnson, 1867, 4 Wall. 475, at page 500, 18 L.Ed. 437, where Chase, C. J., says:

"The Congress is the legislative department of the government; the President is the executive department. Neither can be restrained in its action by the judicial department; * * *."

The United States Attorney also calls attention to the fact that in the recent edition of the United States Constitution, Annotated, the three coordinate branches of the Government are referred to as "departments."

There could be no quarrel with these arguments but the short answer is that, in the opinion of the Court, Section 1001 of Title 18 uses the word "department" in a limited sense, as shown by Section 6 of that Title, all as above referred to. Further than this, while it is true that each of the three branches of the Government may be referred to at times as "departments" of the Government, there would seem to be no justification for using the word "department", as referred to in Section 1001, as referring to each of the three coordinate branches of the Government because Section 6, in its definition, refers to the "executive departments", such as The Department of State, etc. (See page 7 of this opinion.)

■■■■ Counsel for the Government has conceded in open court that if the Court has a reasonable doubt as to the applicability of a criminal statute in a hearing upon a motion in arrest of judg-

ment (although he insists that the instant case is one where there is no reasonable doubt), then that doubt should be resolved against the Government and in favor of the defendant, thereby placing the burden of appeal upon the Government. This is particularly so in this case since counsel for both sides have stated that it will ultimately reach the Supreme Court. For the reasons expressed in this opinion, the Court has a reasonable doubt as to the applicability of Section 1001 to the legislative and judicial branches of the Government. I resolve this reasonable doubt in favor of the defendant.

The defendant's motion in arrest of judgment is granted, based on the Court's construction of the statute involved.

The Government is able to appeal this case directly to the United States Supreme Court under authority of Title 18, United States Code § 3731, since this decision is based upon the construction of Section 1001, Title 18, upon which the indictment in this case was founded.

Counsel will prepare and submit on notice the appropriate order.